**UNITED STATES of America**

v.

**Raymond CRUZ–RUIZ, Appellant.**

**No. 09–1422.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Oct. 30, 2009.

Filed: Nov. 2, 2009.

ed to the motions to dismiss and, to date, has never explained his failure to do so.

Michael J. Fischer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

William T. Lawson, III, Esq., Philadelphia, PA, for Appellant.

Before: SLOVITER, FUENTES, and HARDIMAN, Circuit Judges.

## OPINION

FUENTES, Circuit Judge.

Appellant Raymond Cruz-Ruiz appeals from the District Court's sentence of 57 months imprisonment and a three year term of supervised release, contending that the Court improperly imposed a sixteen level enhancement and that the sentence was unreasonable. For the following reasons, we affirm the District Court's judgment.

### I.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a district court's ultimate determination of a sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007).

### II.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issues on appeal.

Ruiz pled guilty to one count of violating 8 U.S.C. § 1326(a), which states that "any alien who ... has been ... deported and thereafter ... enters ... the United States ... shall be ... imprisoned not more than 2 years.... [I]n the case of any alien ... whose removal was subsequent to a conviction for ... a felony ... such alien shall be fined under Title 18, imprisoned not more than 10 years, or both." 8 U.S.C. §§ 1326(a)(1)(2) and (b)(1). While Ruiz's initial base offense level was eight, the District Court added a sixteen level enhancement to his sentence because he pled guilty to a 1996 burglary of a residence. *See* U.S.S.G. § 2L1.2(b)(1)(A) (defining burglary of a dwelling as a crime of violence). Ruiz's predicate offense arose from an incident where he broke into his wife's home using an iron and claw hammer. The landlord of the residence was

the complainant. Ruiz was sentenced to three years probation. Subsequent to that conviction, Ruiz was twice deported from the United States. Consequently the District Court sentenced Ruiz to 57 months imprisonment and three years of supervised release. This sentence was at the lowest end of the Guidelines range, which was 57 to 71 months. Ruiz appeals this sentence, arguing that the District Court should not have added the sixteen level enhancement and that the sentence was unreasonable.

## III.

Ruiz contends that the District Court violated its charge to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" the Sentencing Guidelines. 18 U.S.C. § 3553(a). While Ruiz does not challenge that burglary is a "crime of violence" within the meaning of the Guidelines, he nonetheless maintains that the sixteen level increase was unduly harsh. Thus, Ruiz argues that the sentence imposed did not appropriately "reflect the seriousness of the offense . . . provide just punishment for the offense . . . [or] afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). Although Ruiz admits that he was convicted of burglary, he asserts that fundamental fairness demands a different result since the residence he burglarized was his wife's home. *See* Appellant's Brief at 6. According to Ruiz, the inequity and harshness of the sixteen level enhancement—which increased his base level from eight to twenty-four, less three points for acceptance of responsibility—is illustrated by the fact that he received only probation for the predicate offense.

At sentencing, the District Court noted that Ruiz had entered, or had attempted to enter, the United States illegally on six occasions and had been deported twice. Thus, according to the District Court, only imposition of a substantial sentence would act as a deterrent. The District Court also noted Ruiz's long history of domestic violence.

We find Ruiz's argument unpersuasive. He pled guilty to burglarizing his wife's home, defined as a crime of violence in the Sentencing Guidelines. The fact that it was his own residence or that he received probation for that offense does not mandate that the District Court ignore this predicate conviction for sentencing purposes. At the sentencing hearing, after reviewing the Pre–Sentencing Report and hearing from Ruiz, his counsel, and the Government, the District Court noted that it based the sentence rendered on the nature of the crime, Ruiz's history, and the factors enumerated in 18 U.S.C. § 3553(a). (App. 35–36). In light of the record, we cannot say that either the sixteen level enhancement or the ultimate sentence was unreasonable, or that the District Court abused its discretion.

## IV.

For the foregoing reasons, we affirm the judgment of the District Court.